IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE M. ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-882-GMS |
| | ) | |
| DALLAS REYNOLDS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

The plaintiff, Tyrone M. Adkins ("Adkins"), an inmate at the Sussex Correctional Institution, Georgetown Delaware, filed this lawsuit pursuant 42 U.S.C. § 1983 on October 1, 2015. He appears *pro se* and was granted permission to proceed *in forma pauperis*. The court has jurisdiction pursuant to 28 U.S.C. § 1331. Before the court are the defendants' motion to dismiss for failure to prosecute and motion for summary judgment. (D.I. 28, 29.)

### I.  Background

Adkins alleges that the defendants violated his constitutional rights when an unlawful search and seizure occurred at his residence in 2015. After the defendants were served and answered the complaint, the court issued a scheduling order that established deadlines for completing discovery (November 28, 2016) and filing dispositive motions (January 30, 2017). (D.I. 17.) On May 31, 2016, the defendants served Adkins with discovery. (D.I. 19, 20.) Adkins did not respond to the discovery requests. Nor did he seek discovery from the defendants.

Adkins requested counsel, and his request was denied by the court on July 19, 2016. (D.I. 22, 23.) When Adkins was deposed on September 2, 2016, he stated on the record that wanted a lawyer and would not answer any questions unless a lawyer was present even though he

acknowledged that his request for counsel had been denied. (*See* D.I. 28, ex. A.) When asked about the complaint, Adkins said that it was self-explanatory and again stated that he would not answer any questions. During the deposition, he also refused to provide discovery in response to the previously served interrogatories and request for production of documents.

The defendants filed a motion to dismiss or for sanctions on September 26, 2015. (D.I. 28) They filed a motion for summary judgment on January 27, 2017. (D.I. 29.) Adkins did not respond to either motion. On February 1, 2017, court entered an order for Adkins to show cause why the case should not be dismissed for his failure to prosecute. (D.I. 32.) On February 23, 2017, Adkins responded to the order, but did not address the issue of his failure to prosecute the case. Instead, he responded to the defendants' motion to dismiss and, it appears, he responded to certain discovery requests.

## II. Failure to Prosecute

The court turns to the issue of Adkins' failure to prosecute, given that he did not participate in the discovery process and did not respond to defendants' motion for summary judgment. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct

2

of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Huertas v. United States Dep't of Educ.*, 408 F. App'x 639 (3d Cir. 2010) (unpublished).

The court must balance the factors and need not find that all of them weigh against the Adkins to dismiss the action. *Emerson*, 296 F.3d at 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of the *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (holding that not all *Poulis* factors must weigh in favor of dismissal).

### III. Discussion

The court finds that the *Poulis* factors warrant dismissal of Adkins' case. First, as a *pro se* litigant, Adkins is solely responsible for prosecuting his claim. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008). Second, the defendants are prejudiced by Adkins' failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens a defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003). Adkins' failure to participate in the discovery process severely impedes the defendant's ability to prepare a trial strategy. He refused to answer questions during his deposition, he did not seek discovery, and did not respond to discovery requests until after the expiration of the discovery and dispositive motion deadlines.

With regard to the third factor, the court notes that Adkins has acted in a dilatory manner when he failed to participate in this case through the discovery process, and failed to respond to the motion for summary judgment, and did not respond to any discovery requests until after the court entered a show cause order. This leads to the conclusion that, as to the third factor, there is a history of dilatoriness.

As to the fourth factor, the facts to date lead to a conclusion that Adkins' failure to prosecute is willful or in bad faith. Adkins filed this lawsuit, yet failed to participate in discovery or to respond to dispositive motions. While he filed a response to the show cause order, it did not provide any reasons for his failure to prosecute this action. For these reasons, the court finds Adkins' actions willful and in bad faith.

As to the fifth factor, Adkins proceeds *pro se* and has been granted *pauper* status. Hence, it is doubtful that monetary sanctions would be effective. Finally, as to the sixth factor, the court takes no position on the merits of the claim given the lack of discovery.

For the above reasons, the court finds that the *Poulis* factors weigh in favor of dismissal. Therefore, the court will grant the defendants' motion to dismiss for failure to prosecute.

IV. **Conclusion**

For the above stated reasons, the court will: (1) grant the motion to dismiss for failure to prosecute (D.I. 28); and (2) deny as moot the motion for summary judgment (D.I. 29).

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

August 31, 2017
Wilmington, Delaware