IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE M. ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-882-GMS |
| | ) | |
| DETECTIVE DALLAS REYNOLDS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

At Wilmington this **15th** day of **Nov**, 2017, having reviewed the plaintiff's motion for an extension of time to appeal (D.I. 36);

Plaintiff filed a motion for an extension of time to file an appeal (D.I. 36) on October 23, 2017.[1] Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff's motion only if it was filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a)(1), and he shows either excusable neglect or good cause. Plaintiff seeks an extension of time to appeal this Court's August 31, 2017 Memorandum Opinion and Order. (*See* D.I. 34, 35.) The plaintiff states that he has no knowledge of the law, has limited access to the library and material, and does not know how to respond to motions filed in the case. (D.I. 36.)

---

[1] The date of filing is determined pursuant to the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here, the plaintiff's motion is dated October 23, 2017, and the envelope it was mailed in is post-marked October 25, 2017. Therefore, the plaintiff's motion was delivered to prison authorities for mailing on between October 23 and October 25, 2017. The court concludes that the plaintiff's motion was filed on October 23, 2017 the date it was signed, and the earliest date possible that it could have been delivered to prison officials in Delaware for mailing.

1

As to the time requirement, the Court issued its Order granting the defendants' motion to dismiss on August 31, 2017. (D.I. 35.) The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed. R. App. P. 4(a)(1)(A). Here, the Order granting the defendants' motion to dismiss was entered August 31, 2017. Pursuant to the rule, the plaintiff was required to file the motion for extension of time to appeal the order no later than November 1, 2017, which he did. Accordingly, the plaintiff's motion for extension of time to file an appeal is timely under Rule 4(a)(5).

The Court must also determine whether the plaintiff has demonstrated excusable neglect or good cause. Factors to consider in determining whether excusable neglect exists include: (1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153 n.20 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). As for determining if there is good cause to grant an extension, the "good cause standard applies in situations in which there is no fault - excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note (2002 amendments).

The plaintiff seeks an extension due to his lack of knowledge of the law and limited access to the law library. Turning to Rule 4(a)(5)(A)(ii), the Court concludes that there is good cause for granting an extension and that excusable neglect has been shown because the *Pioneer* factors weigh in favor of granting the plaintiff's motion. More specifically, the plaintiff made a

good faith effort in filing his motion without delay. In addition, denying the motion would produce a harsh result for the plaintiff. Therefore, the Court will grant the motion for an extension of time to file a notice of appeal.

IT IS ORDERED that:

The motion for an extension of time appeal the August 31, 2017 memorandum opinion and order (D.I. 36) is GRANTED. The plaintiff may file a Notice of Appeal to the United States Court of Appeals for the Third Circuit within fourteen (14) days after entry of this Order. *See* Fed. R. App. P. 4(a)(5)(C).

---
UNITED STATES DISTRICT JUDGE