IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE M. ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action. No. 15-882-RGA |
| | ) |
| DETECTIVE DALLAS REYNOLDS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of July, 2020, having considered Defendants' motion to compel (D.I. 62) and Plaintiff's motion for leave to file supplementary evidence for discovery (D.I. 74);

IT IS HEREBY ORDERED that: (1) the motion to compel (D.I. 62) is **GRANTED** in part and **DENIED** in part; (2) Plaintiff shall respond to Interrogatories Nos. 7, 8, and 10, and Production Request Nos. 1, 2, 3, 4, 6, and 7 on or before **August 7, 2020**; and (3) Plaintiff's motion for leave to file supplementary evidence for discovery (D.I. 74) is **GRANTED**, for the reasons that follow:

1. Defendants served discovery on Plaintiff on May 31, 2016. (D.I. 19, D.I. 20). Defendants served the discovery requests on Plaintiff again on January 10, 2020. (*See* D.I. 50). On May 15, 2020, Defendants filed a motion to compel Plaintiff to respond to the discovery requests. (D.I. 62). Defendants state that Plaintiff refuses to answer Interrogatories Nos. 7, 8, 10, 11, and 12, and has not provided complete

1

responses to requests for production.  (*See* D.I. 78).  Plaintiff did not file a response to the motion.

      2.      Pursuant to Fed. R. Civ. P. 26, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

      3.      Plaintiff filed answers to interrogatories on May 26, 2020.  (D.I. 66).  The Court finds that Plaintiff has filed adequate responses to Interrogatories Nos. 10 and 11. As to Interrogatories Nos. 7, 8, and 12 to which he objected, the objections are overruled as they were not timely made.  *See* Fed. R. Civ. P. 33(b)(4).  Plaintiff is required to answer Interrogatories Nos. 7, 8, and 12.

      4.      Defendants served seven production requests upon Plaintiff.  Nothing on the docket indicates that Plaintiff responded to the production requests.  Plaintiff recently filed a motion to supplement his responses to discovery requests, which appears to be responsive to Request No. 5.  (D.I. 74; D.I. 78).  Plaintiff's motion will be granted.  However, that does not cure Plaintiff's obligation to respond to the other

production requests.  Plaintiff is reminded that there is a continuing obligation to supplement responses to discovery.  *See* Fed. R. Civ. P. 26(e)(1).  Plaintiff is ordered to respond to Production Request Nos. 1, 2, 3, 4, 6, and 7.

      /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE