IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE M. ADKINS, | : |
|   Plaintiff, | : |
|   v. | : Civ. No. 15-882-RGA |
| DETECTIVE DALLAS REYNOLDS, et al., | : |
|   Defendants. | : |

## MEMORANDUM ORDER

At Wilmington, this 18th day of December 2020, having considered Plaintiff's request for counsel (D.I. 90);

IT IS ORDERED that Plaintiff's request for counsel (D.I. 90) is **DENIED** without prejudice, for the reasons that follow:

Plaintiff Tyrone M. Adkins, an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.  (D.I. 1).   He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   (D.I. 6).

Plaintiff seeks counsel for the limited purpose to assist him in answering or objecting to Defendants' interrogatories.  (D.I. 90).   A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1]

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being

1

*See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law.   *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel.   Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.   The list is not exhaustive, nor is any one factor determinative.   *Tabron*, 6 F.3d at 157.

I have reviewed the docket in this case as well as Plaintiff's filings.   Throughout, Plaintiff has ably represented himself in this matter.   He has propounded discovery and responded to discovery requests.   Upon consideration of the entire record, I have concluded that counsel is not necessary solely for the purpose of answering or objecting to interrogatories.   In addition, if there is a discovery disagreement, the parties have the

---

"request.").

option of filing a motion with the Court to resolve any discovery dispute.  Therefore, the Court will deny Plaintiff's request for counsel without prejudice.

                                                       /s/ Richard G. Andrews
                                                      UNITED STATES DISTRICT JUDGE